ORTH & WALLACE
*vs.*
CLUTZ'S ADM'R.

---

## Orth and Wallace *vs.* Clutz's Administrator.

### APPEAL FROM GREENUP CIRCUIT.

Case 32.

ORD. PET.

18bm223
104   219

18bm223
106   314

1. The 875*th* sec. *of the Code of Practice,* repeals all statutes and laws in force in this State, in any case provided for, or inconsistent with, its provisions, whereby, the provisions of the Revised Statutes on the subject of the jurisdiction of this court are repealed.

2. The interest due upon a debt, at the time an action is commenced, constitutes a part of the amount in controversy, under the provis-

ORTH & WAL-    ions of the Code; and where debt and interest exceed $100, this
  LACE         court has jurisdiction of an appeal.
   *vs.*
CLUTZ'S ADM'R.  3. It is erroneous to give an instruction requiring the jury to find that
               a note sued on had been executed by defendant, when the execution
               of the note was not put in issue.

[The facts of the case appear in the opinion of the court. REP.]

*Ross*, for appellants.

*Dulin*, for appellee.

Sept. 24, 1857.    Judge SIMPSON delivered the opinion of the court.

This action was brought by the appellants on a note, executed in August, 1839, for the sum of $60 46. The defendant, in his answer, alleged that the debt had been paid by his intestate in his lifetime. The trial resulted in a verdict and judgment against the plaintiffs, and they have appealed to this court.

Their right to prosecute an appeal is the first question to be determined. The debt sued for, and the interest thereon at the time the action was commenced, exceeded one hundred dollars in amount. It is contended, however, that this court has no jurisdiction, unless the amount in controversy exceeds one hundred dollars, exclusive of interest and costs, and the Revised Statutes, (*page* 215,) are referred to in support of this position.

The jurisdiction of this court is regulated by the provisions of the Code of Practice. In the 16*th section* thereof the cases are enumerated in which this court shall not have appellate jurisdiction; one of the cases is, where the matter in controversy does not exceed one hundred dollars in value; and by the 17*th section* the costs are not to be included in estimating the value necessary to give jurisdiction. The interest upon the debt constitutes a part of the matter in controversy, and as it, as well as the costs, had been expressly excluded by the Revised Statutes, from the computation of the amount necessary to give jurisdiction to this court, and as the *costs* only

are excluded by the provisions of the Code of Practice, the rational presumption is, that the *interest* was not intended to be excluded.

By the 875*th section* of the Code it is provided, that all statutes and laws theretofore in force in this state in any case provided for by the Code, or inconsistent with its provisions, were thereby repealed and abrogated.

Now, as the jurisdiction of this court was regulated by the provisions of the Code, the Revised Statutes on the same subject, having been previously adopted, were repealed by this section of the Code, and are no longer in force.

We are therefore of the opinion that the interest due upon the debt at the time the action was commenced constituted a part of the amount in controversy, under the provisions of the Code of Practice, that this court has jurisdiction in this case, and that the appeal has been properly prosecuted.

When the action was commenced the debt sued on had been due almost fifteen years. The lapse of time, and the ability of the defendant's intestate to have paid the debt at any time after it fell due, were the only facts or circumstances relied upon to sustain the defense of payment.

After the evidence had been introduced upon the trial, the counsel for the plaintiffs moved the court to instruct the jury: "That unless they believed, from the evidence, that the debt sued for had been paid, they must find for the plaintiffs." The court refused to give this instruction, and the plaintiffs excepted. As the payment of the debt was the only matter put in issue by the parties, the instruction asked for was proper, and should have been given.

The court, however, gave the following instruction in lieu of those moved for by the parties, viz: "If the ' the jury believe that A. A. Clutz executed the note ' sued on, they will find for the plaintiffs, unless they ' believe, from the evidence, that the note has been ' paid; and in determining whether the note has

VOL. XVIII.    15

*Margin note:*

1. The 875*th sec.* of the Code of *Prac.* repeals all statutes and laws in force in this State, in any case provided for, or inconsistent with its provisions, whereby, the provisions of the Revised Statutes on the subject of the jurisdiction of this court are repealed.

2. The interest due upon a debt, at the time an action is commenced, constitutes a part of the amount in controversy, under the provisions of the Code; and where debt and interest exceed $100, this court has jurisdiction of an appeal.

3. It is erroneous to give an instruction requiring the jury to find that a note sued on had been executed by defendant, when the execution of the note was not put in issue.

' been paid or not they will take into consideration ' all the facts and circumstances proven in the case."

The only substantial difference between this instruction, and the one which was asked for by the plaintiff's counsel, was, that the jury were required by the instruction as given, before they could find for the plaintiffs, to believe that the note sued on had been executed by the defendant's intestate. Now, as the execution of the note was not put in issue, the plaintiffs were not bound to prove it, nor was it a matter for the consideration of the jury. But as it was submitted to them by the court, and there was no proof on the subject, they may have concluded that the plaintiff had failed to establish his cause of action, and that therefore he was not entitled to a verdict in his favor, although they were not satisfied by the evidence that the debt had been paid by the defendant's intestate; and such a conclusion by them would not have been unreasonable, inasmuch as the instruction asked for by the counsel of the plaintiffs had been refused, and one given by the court which required the jury to find that the note sued on had been executed by the defendant's intestate, and did not differ essentially from the former in any other respect. Consequently, the instruction given by the court was misleading and erroneous.

Wherefore the judgment is reversed, and cause remanded for a new trial and further proceedings consistent with this opinion.